United States District Court
District of Massachusetts

| | |
|---|---|
| ALSENIO SAMBOY, ) | |
|      Petitioner, ) | |
| ) | |
|      v. ) | Civil Action No. |
| ) | 07-40133-NMG |
| UNITED STATES OF AMERICA, ) | |
|      Respondent. ) | |

MEMORANDUM & ORDER

GORTON, J.

Pro se petitioner Alsenio Samboy ("Samboy") brings a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He asserts that he was denied his Sixth Amendment right to effective assistance of counsel during trial and appellate proceedings.

I. Background

On October 11, 2000, Samboy and a co-defendant were indicted for 1) conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 and 2) possession with intent to distribute and distribution of at least 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. After a four-day jury trial, Samboy was found guilty of both counts in October, 2003.

On April 28, 2004, Samboy was sentenced to 175 months imprisonment followed by five years of supervised release. He was assigned a total offense level of 34 and a criminal history

category of I, yielding a guideline range of 151 to 188 months of incarceration, and was sentenced at the mid to high-end range. The government had requested an enhancement to an offense level of 36 (and a correspondingly higher guideline range of 188-235 months) for his alleged supervisory role in the drug operations. In his sentencing memo, Samboy countered, asking for downward adjustments for drug quantity and acceptance of responsibility and a downward departure for aberrant behavior. He also opposed the government's request for the role enhancement. The Court generally rejected Samboy's arguments as well as the government's request for an enhancement and Samboy was, ultimately, assigned a total offense level of 34.

Samboy appealed but the First Circuit affirmed this Court's sentence in Samboy v. United States, 433 F.3d 154 (1st Cir. 2005). On May 3, 2007, petitioner filed the instant motion to vacate his conviction. The government responded in November, 2007 and Samboy replied the same month. Subsequently, in April, 2008, the parties agreed that Samboy's total offense level should be reduced to 32, resulting in a Guideline range of 121-151 months, due to Amendment 706 to the United States Sentencing Guidelines (the cocaine base adjustment amendment). The Court thereafter reduced the sentence proportionally to 140 months but noted that "there is no reason whatsoever to reduce the sentence by more than the proportionate reduction called for under the

guidelines."

II. <u>Analysis</u>

   A. **Ineffective Assistance of Trial Counsel**

In order to prevail on a claim of ineffective assistance of counsel under § 2255, petitioner must show 1) that counsel's performance was deficient and 2) the deficient performance prejudiced the defendant. <u>Prou</u> v. <u>United States</u>, 199 F.3d 37, 25 (1st Cir. 1999) (quoting <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668, 687, 680 (1984)). <u>Strickland</u> also calls for highly deferential scrutiny of counsel's performance. <u>Strickland</u>, 466 U.S. 690.

Some of Samboy's arguments are difficult to discern. The most salient include Samboy's claims that his trial counsel was ineffective for failing 1) to object to application of the sentencing guidelines as mandatory, 2) to seek a downward departure from the guidelines due to his likely deportation and unusual family circumstances and 3) to argue that the government did not meet its burden of proof to establish that Samboy possessed crack cocaine under 21 U.S.C. § 841. Each contention is considered in turn.

      1. **Failure to Object to Guidelines**

Petitioner's first claim is that his trial counsel was deficient because he failed to object to the application of the mandatory Guidelines at sentencing. Samboy contends that, had his counsel so objected, his case would have been remanded for

re-sentencing, allowing him to show extenuating circumstances that would have justified a downward departure.

Samboy is incorrect and he has failed to make a sufficient showing under either prong of Strickland. With respect to the first, as the government points out, courts have found that counsel's failure to anticipate United States v. Booker, 543 U.S. 220 (2005) does not constitute unreasonable performance. E.g., Estevez v. United States, 601 F. Supp. 2d 348, 354 (D. Mass. 2009). Indeed, Samboy has made and lost a similar argument in this circuit before. On appeal, the First Circuit Court of Appeals found that Samboy had not shown that failure to object to application of the mandatory guidelines created a reasonable probability that the district court would have imposed a more favorable sentence. It even highlighted the fact that the presiding judicial officer had stated at the sentencing hearing that he was inclined to impose a longer sentence. Samboy, 433 F.3d at 163.

With respect to the second prong (prejudice), Samboy provides no evidence to show that his sentence would have been different under an advisory system.

In the supplement to Samboy's § 2255 petition, he contends that, after the decisions in Kimbrough v. United States, 552 U.S. 85 (2007) and Gall v. United States 552 U.S. 38 (2007), he can now demonstrate the prejudice prong. Because the Court has

already proportionally decreased Samboy's sentence in accordance with Amendment 706 to the United States Sentencing Guidelines, however, that claim is moot.

### 2. Failure to seek a downward departure

Petitioner's second claim is equally unavailing. Samboy argues that his counsel was ineffective for failing to ask for a downward departure due to his likely deportation and other unusual circumstances. Samboy has not established, however, that counsel's actions were unreasonable because, without more, the prospect of deportation is not grounds for a downward departure. United States v. Maldonado, 242 F.3d 1, 5 (1st Cir. 2001). Only in extraordinary or unusual cases can deportation warrant a departure, id., and Samboy fails to show that any such extraordinary circumstances existed.

Nor has Samboy shown that he was prejudiced. At sentencing, this Court had Samboy's pre-sentencing report which provided that he was a legal resident subject to deportation as well as information about his family and responsibilities. The Court was, therefore, aware of the relevant circumstances and Samboy has not shown that, even if defense counsel had asked for a downward departure based upon his probable deportation, his sentence would have been different.

### 3. The statutory meaning of cocaine base

Samboy's final claims focus on the meaning of the phrase

"cocaine base" in 21 U.S.C. § 841 and the Sentencing Guidelines. Samboy was convicted under 21 U.S.C. § 841(a)(1) for possession with intent to distribute and distribution of over 50 grams of cocaine base. Although an open question in other circuits, it is well-settled in the First Circuit that 21 U.S.C. § 841 regulates the possession of any form of cocaine base, not just crack cocaine. United States v. Richardson, 225 F.3d 46, 49 (1st Cir. 2000). Crack cocaine is only one example under the statute. Id.

Where the sentencing guidelines refer to cocaine base for an enhanced sentence, however, the term covers only the sub-type of cocaine base known as crack cocaine. Id. Whether or not the drug is specifically crack cocaine (as opposed to another type of cocaine base) is, therefore, only relevant during sentencing.

Here, Samboy contends that his trial counsel was ineffective for failing to argue 1) that the government did not prove at trial that the drug was crack cocaine as opposed to another type of cocaine base, 2) that, during trial, the government did not even prove that the substance was any type of cocaine base and 3) that the jury instructions repeatedly informed the jury that the substance was crack cocaine, leading Samboy to be convicted and sentenced as if the drug was crack cocaine, despite the fact that the government had not proven that element.

None of Samboy's claims is persuasive because they do not meet the first prong of Strickland. Samboy's first argument

fails because, in order to convict him, the government was only required to prove that the substance was cocaine base, not crack cocaine.

His second claim is equally without merit because the overwhelming evidence offered by the government proved that the drug was cocaine base. In particular, the government provided two expert witnesses and testimony by one of Samboy's customers and associates in the drug business, all of whom testified that the drug was crack cocaine. The drug stipulation also lists the substance as cocaine base.

Finally, Samboy's third claim is beside the point. Certainly, he is correct that the jury instructions discuss crack cocaine whereas the jury verdict form only mentions cocaine base. Nonetheless, whether the jury found Samboy guilty of possessing and distributing crack cocaine or just generic cocaine base, a sentencing judge is permitted to apply an enhancement if he finds that the government has proved the relevant fact by a preponderance of the evidence. United States v. Tejada, 481 F.3d 44, 57 (1st Cir. 2007). As noted, the government clearly presented enough evidence for the Court to have found, by a preponderance of the evidence, that the substance at issue was indeed crack cocaine and to have sentenced Samboy accordingly.

B.   **Ineffective Assistance of Appellate Counsel**

Samboy also claims that his appellate counsel was

ineffective. It is well-settled that the two-pronged Strickland test applies to claims of ineffective assistance of appellate counsel as well as trial counsel. E.g., Smith v. Robbins, 528 U.S. 259, 288-89 (2000); Ramirez-Burgos v. United States, 313 F.3d 23, 28 (1st Cir. 2002) (applying Strickland to a claim of ineffective assistance of appellate counsel).

The Supreme Court has also addressed appellate counsel's obligations with respect to what arguments are to be made on appeal.  In Jones v. Barnes, the petitioner complained that appellate counsel had not raised all of the non-frivolous arguments on appeal that he had proposed, including a claim of ineffective assistance of trial counsel. 463 U.S. 745, 750 (1983).  The Court held that the Constitution does not require appellate counsel to raise all non-frivolous arguments.  Indeed, such a requirement would

> disserve the very goal of vigorous and effective advocacy [because a lawyer's ability to] winnow[] out weaker arguments on appeal and focus[] on one central issue if possible, or at most a few key issues [is critical].

Id.

Samboy claims that his appellate counsel was ineffective because he failed to argue that 1) the government's expert witnesses were not qualified to testify as experts, 2) the expert gave impermissible testimony regarding the defendant's mental state and the nature and characteristics of crack cocaine and 3) the government failed to prove that the drug in question was

crack cocaine.

A district court is given broad discretion both in deciding whether to allow expert testimony and whether a given expert is sufficiently well-qualified to speak on the matter. United States v. Hoffman, 832 F.2d 1299, 1310 (1st Cir. 1987). Fed. R. Evid. 702 allows a district court to admit expert testimony if it finds that "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue". Fed. R. Evid. 702. The trial judge must ensure that an expert's testimony "both rests on a reliable foundation and is relevant to the task at hand". United States v. Lopez-Lopez, 282 F.3d 1, 24 (1st Cir. 2002) (quoting Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993)). Expertise, especially in the drug trade, can be shown through practical experience in the field. Hoffman, 832 F. 2d at 1310. An appellate court will overturn the district court's decision to admit expert testimony "only if it represents a manifest abuse of discretion." United States v. Montas, 41 F.3d 775, 783 (1st Cir. 1994).

The First Circuit has

> admitted expert testimony regarding the operation of criminal schemes and activities in a variety of contexts, finding such testimony helpful to juries in understanding some obscure or complex aspect of the crime.

Id. In particular, expert testimony regarding descriptions of a typical drug network is relevant and helps provide context for the jury. United States v. Garcia-Morales, 382 F.3d 12, 19 (1st

Cir. 2004) (quoting United States v. Clarke, 24 F.3d 257, 269 (D.C. Cir. 1994)).

Fed. R. Evid. 704 prohibits direct expert testimony concerning a criminal defendant's intent if it is an element of the crime charged. United States v. Valle, 72 F.3d 210, 216 (1st Cir. 1995). The rule does not, however, prohibit experts from testifying to predicate facts from which the jury might infer intent. Id.

With respect to his first claim, Samboy argues that DEA Agent Roberto and Auburn Police Officer McGinnis were not qualified to testify as experts. Samboy claims that the record is barren of testimony as to their qualifications and his appellate counsel was ineffective for not objecting to it.

This claim lacks merit. Contrary to Samboy's claim, the record shows that the credentials of both Roberto and McGinnis were sufficient to admit them as experts in a drug case. Roberto testified that he had been with the DEA for 22 years, had received three months training on drug trafficking crimes as well as continuing education in the investigation of drug trafficking. McGinnis testified that he had been a police officer for 16 years and was on a special assignment to the DEA HIDTA task force. It was not, therefore, unreasonable for appellate counsel to avoid making what in all likelihood was a frivolous challenge.

Samboy's second argument, that, even if the expert testimony

was properly admitted, the scope of the testimony fell outside of what was permissible. Specifically, he contends that testimony about the characteristics of crack (i.e., that crack was more addictive than cocaine and that it took eight to twelve seconds for crack cocaine to deliver a narcotic effect to the user) and his mental state was impermissible.

Samboy's claim again fails to meet the first prong of Strickland. Agent Roberto's testimony supplied context for the jury by describing the drug in question and how it was prepared and such testimony falls squarely under the purview of Fed. R. Evid. 702. Officer McGinnis testified that the plastic bags he saw in Samboy's apartment were significant because such bags are used for the packaging of narcotics. Far from testifying about Samboy's intent, therefore, McGinnis' testimony is related to general aspects of the drug trade about which the jury might not be knowledgeable. The testimony did not implicate the prohibitions of Fed. R. Evid. 704.

Samboy also fails to prove prejudice. Even discounting the expert testimony, the evidence of Samboy's guilt was overwhelming. Evidence presented included Samboy's voice on tape agreeing to provide 125 grams of crack cocaine and the testimony of Samboy's accomplice.

Samboy's contention, finally, that appellate counsel was ineffective for failing to argue that the government did not

prove the substance in question was crack cocaine fails for the same reasons provided with respect to trial counsel.

### C. Request for Evidentiary Hearing

Petitioner's request for an evidentiary hearing will be denied. In general,

> [a] § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the records, or are "inherently incredible."

United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993). Here, even accepting petitioners allegations as true, he has made no showing that he is entitled to relief.

### ORDER

In accordance with the foregoing, petitioner's motion to vacate, set aside or correct sentence (Docket No. 1) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated August 3, 2010